
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0015 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner IVERY T. WILLIAMS has filed with this Court a petition for writ of habeas corpus by a person in state custody. In his petition, Williams recites he is challenging a judgment of conviction or sentence out of the 320th Judicial District Court of Potter County, Texas, to wit, a ninety-nine (99) year sentence, assessed July 13, 1979, for the offense of aggravated robbery. For the reasons set forth below, the undersigned is of the opinion the petition should be dismissed as successive, or, in the alternative, as time barred.

I.
PROCEDURAL HISTORY

In 1965, petitioner pled guilty in Criminal District Court Number 2, Dallas County, Texas

to one count of rape,[1] four counts of robbery,[2] and one count of assault with intent to commit rape.[3] (*In re Williams*, WR-1,724-03, filed with Tex. Court of Crim. App. May 12, 1970, pg. 10). He was sentenced to life imprisonment for all of these crimes except for the assault with intent to commit rape conviction, for which he received a sentence of twenty-five years. (*Id.*) Petitioner was paroled in 1977. (*Petition for Writ of Habeas Corpus* filed by petitioner Feb. 5, 2008, Cause No. 2:08-CV-015, Doc. #1 (hereinafter *Original Petition*)). While on parole, petitioner was convicted by the 320th Judicial District Court, Potter County, Cause number 19101D, of aggravated robbery. He was sentenced to a ninety-nine (99) year term in prison in July 1979. His parole was revoked.

Petitioner appealed the Potter County conviction and successfully argued the trial court erred by ordering the ninety-nine (99) year sentence to run consecutively to the Dallas County sentences. *See Williams v. State*, 675 S.W.2d 754, 760 (Tex. Crim. App. 1984). The Texas Court of Criminal Appeals set aside the cumulation order in the trial court's sentence and set the punishment's start date on the day sentence was originally pronounced. *Id.* On rehearing, however, the Court of Criminal Appeals reversed its earlier decision and upheld the trial court's original sentence cumulating punishments. *Id.* at 764-65.

In addition to the filings mentioned above and petitioner's pleadings in this case, petitioner Williams has filed more than fifteen state applications for habeas corpus relief, at least seven of which directly challenge either the most recent aggravated robbery conviction or the parole board's denial of parole. All of the state habeas applications have either been denied without written order or dismissed as subsequent writs. Petitioner has also filed, with the federal courts, three petitions

---

[1] Cause number E-8430-JI.

[2] Cause numbers E-8428-JI, E-8546-JI, E-8618-JI, E-8429-JI.

[3] Cause number E-8545-JI.

for habeas corpus relief (counting the instant petition), two petitions for mandamus, and ten prisoner civil rights cases, twelve of which have been either dismissed or denied. Three of these, counting the instant petition, are pending.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to present the following grounds:

1. The parole board violated the Ex Post Facto Clause by taking away petitioner's parole eligibility. According to petitioner, the parole board applied a new version of Texas law rather than the version in effect at the time petitioner was originally sentenced, forcing petitioner to serve twenty years in prison before becoming parole eligible. If the board had applied the correct law, petitioner contends, he would have become parole eligible in one year.

2. The parole board violated petitioner's due process rights by retroactively applying a newer version of the statute governing parole eligibility dates.

3. The parole board violated the Separation of Powers Clause by ignoring the court's order for his sentences to run consecutively (or stacked). According to petitioner, the parole board is forcing him to serve his sentences "in installment."

4. The parole board violated petitioner's due process rights by denying him release on mandatory supervision.

5. Petitioner's due process rights are being violated because he is serving consecutive sentences; the first sentence, for which he received parole before committing the later offense, is still running and adversely impacting his later sentences.

6. Petitioner's due process rights are being violated, and he is being held illegally, because he is eligible for mandatory supervision.

7. Petitioner's due process rights were violated when the trial court illegally stacked his sentences of prior convictions.

8. Petitioner's due process rights are being violated because he is "serving sentences piecemeal."

As set forth above, petitioner has filed at least one other habeas corpus petition asserting some of the same general arguments asserted in the instant petition, i.e. cause number 6:01-CV-543,

U.S. District Court of the Eastern District of Texas. In that petition, Williams averred, "he was denied both Due Process and Equal Protection rights of the Fourteenth Amendment because 'TDCJ-ID' [was] denying him his release to mandatory supervision on his 99 year sentence," and "the Texas Board of Pardons and Paroles [was] violating the Ex Post Facto Clause by applying in his case retroactive application of amendment to parole reconsideration rule hearings." (*Petitioner's Brief in Support of Release*, filed by Ivery T. Williams Nov. 26, 2001 in the Eastern District of Texas, Cause number 6:01-CV-543, pg. 2, Doc. #1).[4]

## III.
## SUCCESSIVE PETITION

Title 28 U.S.C., section 2244(b)(1) establishes, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Claims presented in the second petition that were not presented in the first petition,

> shall be dismissed unless
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2). Even before a petitioner urges the applications of these exceptions, however, he or she must file a motion with the appropriate Court of Appeals for an order authorizing the district

---

[4] Petitioner also filed a writ for habeas corpus relief in this Court in February 1988. This Court, however, does not readily have access to the original filings and is unaware of petitioner's contentions in those pleadings. Consequently, petitioner will receive the benefit of the doubt that he did not raise any of the current issues in the 1988 petition.

court to consider the successive application. *Id.* § 2244(3)(A).

The instant petition is successive and Williams failed to request permission to file this successive petition. In fact, he fails to mention the previous petition altogether. Inasmuch as the Eastern District Court in Cause number 6:01-CV-543 evaluated in 2001 the same claims petitioner appears to be raising in the instant habeas corpus petition, this Court is without the jurisdiction to consider such arguments. Even if some of petitioner's current claims were not specifically raised in his first petition, Williams fails to argue any of the exceptions set forth in section 2244(b)(2) that would allow this Court to consider his new arguments, and he still would have to obtain permission from the Court of Appeals. Therefore, because this is a successive petition not meeting any of the requirements of section 2244(b), it should be dismissed. Even if this Court were able to consider the claims petitioner raises in this successive petition, however, dismissal would still result because petitioner is time-barred.

## IV.
## STATUTE OF LIMITATIONS

Title 28 U.S.C., section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) of the same title further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Petitioner's Time Line

The parole record from the Board of Pardons and Paroles was attached to respondent's motion to dismiss, and petitioner has not challenged it. This record indicates petitioner was initially told his case was "inappropriate for setting a Tentative Parole date" in May of 1988. He was again denied parole on January 12, 1999. (*Respondent Quarterman's Motion to Dismiss and Response to Petitioner's Motion for Default Judgment with Brief in Support* filed by respondent May 22, 2008, Doc. # 44). These dates appear to be consistent with petitioner's representations. (*Original Petition*, pg. 7; *Affidavit of Facts* filed by petitioner March 13, 2008, Doc. # 26).

If petitioner was eligible for parole sometime prior to 1999, as petitioner appears to contend in his first point, he would have had to file any habeas corpus petition within one year after he learned he was not parole eligible.[5] Apart from pre-1999 parole eligibility, petitioner's parole records indicate he was denied parole January 12, 1999 and his case was set for review again in April 2001. Therefore, because January 12, 1999 was the date on which the factual predicate of the denial of parole claim arose, that is when time began running on the federal statute of limitations, absent statutory tolling. For statutory tolling to apply, petitioner would have had to file his state habeas application within one year of January 12, 1999, which would make the due date of the state

---

[5] As discussed subsequently at page 8, petitioner appears to consider parole eligibility as release. If, in fact, his claim is truly denial of parole eligibility, and not denial of release, his claim is not only time-barred, it is without factual support. Petitioner was clearly "eligible" because the parole board reviewed his records and denied him parole in 1999, 2001, 2003, and 2005. (*See Respondent Quarterman's Motion to Dismiss and Response to Petitioner's Motion for Default Judgment with Brief in Support* filed by respondent May 22, 2008, Doc. # 44, Exhibit A).

application January 12, 2000. Petitioner did not file his state application challenging the denial of parole until April 30, 2001—over a year after the statute of limitations had already run on his claims. Therefore, petitioner is time barred by section 2244(d) from bringing the instant petition.

### B. Petitioner's Response — Limitations

In his response to respondent's motion to dismiss, Williams appears to argue he is entitled to equitable tolling and alleges state action prevented his timely filing. Williams, however, does not identify the particular state action he contends hindered him or prevented him from timely presenting his claims to the federal courts. Williams also argues the AEDPA limitations bar is unconstitutional. This claim is without merit. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 686 (2009) (discussing application of one-year time limit); *Carey v. Saffold*, 536 U.S 214, 219, 122 S. Ct. 2134, 2137-38, 153 L. Ed. 2d 360 (2002) (same); *In re Wilson*, 442 F.3d 872, 873-74 (5th Cir. 2006) (same).

## V.
## THE MERITS OF PETITIONER'S GROUNDS OF ERROR

### A. Petitioner's Ex Post Facto and Retroactive Application Arguments

Assuming the petition were not successive nor time barred and that this Court reached the merits of petitioner's claims, they are all without merit. Petitioner's first and second arguments are that the parole board violated both the Ex Post Facto Clause and his due process rights in making him serve twenty years before becoming parole eligible. These arguments are blatantly incorrect. As the Eastern District has already explained to petitioner, the law in effect at the time petitioner was sentenced stated a prisoner "is not eligible for release on parole until his calender time equals one-third of the maximum sentence or 20 years, whichever is less." TEX. CODE CRIM. PROC. ANN. art 42.12 § 15(b) (Vernon 1979); *Report and Recommendation of the United States Magistrate Judge*

entered Feb. 12, 2002, Eastern District of Texas, Cause number 6:01-CV-543, adopted in *Order of Dismissal*, March 13, 2002. The parole board was plainly following the law in effect at the time of petitioner's sentencing by making him wait twenty years before becoming eligible for parole review. Therefore, even if these arguments were not successive and time-barred, they are meritless.

To the extent petitioner contends "parole eligibility" as requiring granting of parole rather than merely being *eligible for* parole, he is mistaken. Being eligible for parole does not entitle one to parole. TEX. GOV'T CODE ANN. § 508.045(b) (Vernon 2004). Before an individual can be paroled, he must not only be eligible for parole, but the Texas Board of Pardons and Parole must vote affirmatively to release such individual on parole. *See id.*; *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (holding "because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against state parole review procedure on procedural (or substantive) Due Process grounds"). Petitioner's first two arguments are without merit.

*B. Petitioner's Arguments Regarding the Manner in Which he is Serving his Time*

Petitioner's third, fifth, seventh, and eighth points all involve a claim he is illegally being made to serve consecutive or "stacked" sentences. As discussed in section I, above, the Texas Court of Criminal Appeals upheld the sentencing order petitioner is challenging. *See Williams*, 675 S.W.2d at 760. Were this petition not successive and not time barred, this Court would not overrule the state court's thorough evaluation and determination of the validity of the sentencing order. In any event, Texas law in effect at the time petitioner was sentenced gave a trial judge discretion as to whether a defendant convicted in two or more cases had to serve the sentences consecutively or concurrently, and a convicted person generally had no right to receive concurrent sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a).

To the extent petitioner appears to be under the impression that his parole on the 1965 convictions somehow discharged those multiple life sentences or caused them to cease to operate, he is in error. The Texas Government Code expressly mandates, "Neither parole nor mandatory supervision is commutation of sentence or any other form of clemency." TEX. GOV'T CODE ANN. § 508.002. That is, just because petitioner was paroled on the five life sentences does not mean those sentences were counted as served and can no longer impact the ninety-nine year sentence. *See id.* Therefore, if this Court had jurisdiction to evaluate these arguments, they are meritless.

*C. Petitioner's Response — Release on Mandatory Supervision*

Petitioner appears to argue in his fourth and sixth contentions that under the law in effect at the time of his conviction he is eligible for mandatory supervision. The court in petitioner's prior federal habeas corpus case addressed this claim. *See Report and Recommendation of the United States Magistrate Judge* entered Feb. 12, 2002, Eastern District of Texas, Cause number 6:01-CV-543, adopted in *Order of Dismissal*, March 13, 2002.

> To reiterate, the mandatory supervision law in effect at the time petitioner was convicted read
>
> A prisoner who is not on parole . . . shall be released to mandatory supervision by order of the Board when the calender time he has served plus any good conduct time equal the maximum term to which he was sentenced.

TEX. CODE CRIM. PROC. ANN. art 42.15 § 15(c) (Vernon 1977).

If petitioner is contending this provision entitles him to release on mandatory supervision, he is not entitled to release. The Texas Court of Criminal Appeals has held the above provision does not apply to an inmate serving a life sentence. *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001). As the court stated, "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calender time served

plus any accrued good conduct time will never add up to life." *Id.* at 328. The court additionally noted that the Texas legislature has *never* permitted an inmate serving a life sentence to be released on mandatory supervision. *Id.* at n. 1. That is, a Texas inmate serving a life sentence may be eligible for parole, but, under the current law, will not be eligible for early release on mandatory supervision. This is an interpretation of Texas law to which a federal court must defer. Any argument that the parole board's decision violates petitioner's due process rights is also incorrect. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding the denial of mandatory supervision release to an inmate serving a life sentence does not violate the Constitution). Petitioner's fourth and sixth contentions are without merit.

## VI.
## CONCLUSION

For the reasons recited above, it is the opinion and finding of the undersigned United States Magistrate Judge that petitioner Williams's petition for writ of habeas corpus be DISMISSED as successive. Alternatively, it is recommended that respondent Quarterman's motion to dismiss the petition as time barred be GRANTED. Further, if it is necessary to reach the merits of petitioner's claims, it is recommended that such claims are without merit and do not warrant federal habeas corpus relief.

IT IS SO RECOMMENDED.

ENTERED this 13th day of February 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).